**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

_____

|  |  |  |
|---|---|---|
| CELIO GUEVARA HERNANDEZ, | ) | |
| 250 Belleview Avenue | ) | |
| Alexandria, VA 22303 | ) | |
| | ) | |
| **PLAINTIFF**, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  1:16-CV-01378 |
| | ) | |
| HADEED CARPET CLEANING INC., | ) | |
| 6628 Electronic Drive | ) | |
| Springfield, VA 22151 | ) | |
| | ) | |
| Serve Registered Agent: | ) | |
| JOSEPH HADEED | ) | |
| 6628 Electronic Drive | ) | |
| Springfield, VA 22151 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| JOSEPH HADEED | ) | |
| 6628 Electronic Drive | ) | |
| Springfield, VA 22151 | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| _____ | ) | |

**COMPLAINT**

COMES NOW, your Plaintiff Celio Guevara Hernandez ("Plaintiff"), by and through

counsel, and files this Complaint against Hadeed Carpet Cleaning Inc., ("Defendant HCC") and

Joseph Hadeed ("Defendant Hadeed"), (collectively referred to as "Defendants,") on the

following grounds:

**NATURE OF ACTION**

1.     This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201

*et seq.*, for Defendant's failure to pay wages and overtime compensation for hours worked by

Plaintiff.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 because this action arises under the FLSA.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is incorporated in Virginia, with its principal place of business in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

4.      Plaintiff, Celio Guevara Hernandez, is a natural person residing at 250 Belleview Avenue, Alexandria, VA 22303. He was Defendant's employee from February 2001 through February 20, 2015. Plaintiff has not been paid his overtime wages for periods worked in November of 2013, March and May through December of 2014, and January of 2015.

5.      Defendant, Hadeed Carpet Cleaning Inc., is incorporated in the Commonwealth of Virginia, with its principal place of business in Springfield, Virginia. Defendant is a company that operates as a carpet cleaning service at which Plaintiff was employed.

6.      Defendant, Joseph Hadeed, is a natural person residing in the Commonwealth of Virginia. He is the President and CEO of Hadeed Carpet Cleaning, Inc.

7.      Defendants have regularly conducted business activity in this district.

## FACTS

8.      At all times alleged herein, Plaintiff has never been indebted to Defendants.

9.      At all times alleged herein, Defendant HCC was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce whose annual gross volume of sales or business done was not less than $500,000.

10.      Defendant HCC engaged in interstate commerce by:

      a.   Corresponding with individuals in other states via telephone;

    b.   Sending and receiving mail to and from individuals in other states;

    c.   Transacting business in interstate commerce;

    d.   Employing goods manufactured and distributed in other states; and

    e.   Operating multiple business locations in Virginia, Maryland, and District of Columbia.

11.    At all times alleged herein, Defendant Hadeed was President and CEO of Defendant HCC.

12.    Defendant Hadeed owned and had operational control of Defendant HCC including the work performed, environment, conditions of employment, and managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time and other employment records, determining the rate and method of compensation and contracting to provide services on behalf of Defendant HCC.

13.    Under the FLSA, 29 U.S.C. § 203(d), Defendants jointly employed Plaintiff and Defendant Hadeed acted directly in the interest of Defendant HCC.

14.    Defendant HCC directly deposits checks, including paychecks issued to Plaintiff.

15.    On or about February 8, 2001, Defendants hired Plaintiff as a carpet cleaner and represented to Plaintiff that he would be paid an hourly wage of $12.00.

16.    On or about January 5, 2005, Defendants raised Plaintiff's hourly wage to $14.00.

17.    From August 2013 through August 2015, Plaintiff frequently worked more than 40 hours a week.  Plaintiff regularly recorded his hours worked by clocking in and out through Defendants' system.

18.    Defendants knew that Plaintiff worked overtime throughout his tenure at their establishment but did not pay Plaintiff one and one-half times his purported rate of pay for all overtime hours worked.

19.    Upon information and belief, Defendants failed to inform Plaintiff of his rights under the FLSA and failed to post a notice informing employees of those rights, as required by the Department of Labor.

20.    Based on partial time records, as summarized below, from the pay period when Plaintiff worked overtime, the unpaid and overtime hours for this period are identified below:

| Pay Period Ending Date | Total Hours Worked @ Regular Rate | Total Hours Worked @ OT Rate | Unpaid Overtime Hours | Total Wages Paid | Total Overtime Wages Owed |
|---|---|---|---|---|---|
| 11/1/2013 | 110.00 | 16.00 | 14.00 | $1,540.00 | **$98.00** |
| 3/7/2014 | 110.00 | 16.00 | 14.00 | $1,540.00 | **$98.00** |
| 5/16/2014 | 119.25 | 0.00 | 39.25 | $1,669.50 | **$274.75** |
| 6/27/2014 | 125.75 | 0.00 | 45.75 | $1,760.50 | **$320.25** |
| 7/25/2014 | 122.25 | 0.00 | 42.25 | $1,711.50 | **$295.75** |
| 8/8/2014 | 122.25 | 0.00 | 42.25 | $1,711.50 | **$295.75** |
| 8/22/2014 | 123.25 | 0.00 | 43.25 | $1,725.50 | **$302.75** |
| 9/5/2014 | 122.00 | 0.00 | 42.00 | $1,708.00 | **$294.00** |
| 10/3/2014 | 125.50 | 0.00 | 45.50 | $1,757.00 | **$318.50** |
| 10/17/2014 | 125.25 | 0.00 | 45.25 | $1,753.50 | **$316.75** |
| 10/31/2014 | 129.25 | 0.00 | 49.25 | $1,809.50 | **$344.75** |
| 11/14/2014 | 129.00 | 0.00 | 49.00 | $1,806.00 | **$343.00** |
| 11/28/2014 | 120.00 | 0.00 | 40.00 | $1,680.00 | **$280.00** |
| 12/12/2014 | 96.00 | 0.00 | 16.00 | $1,344.00 | **$112.00** |
| 12/26/2014 | 91.00 | 0.00 | 11.00 | $1,274.00 | **$77.00** |
| 1/9/2015 | 87.50 | 0.00 | 7.50 | $1,225.00 | **$52.50** |
| 1/23/2015 | 63.50 | 0.00 | 0.00 | $889.00 | **$0.00** |
| TOTALS | 1921.75 | 32.00 | 546.25 | | |
| **TOTAL UNPAID OVERTIME OWED:** | | | | | **$3,823.75** |

21.    Defendants previously paid Defendant partial overtime in November of 2013 and March of 2014, but failed to pay overtime for all overtime hours worked in those months.

22.     Defendants further failed to pay for any and all overtime for all of Plaintiffs overtimes hours worked in May through December of 2014 and January of 2015.

23.     Defendants have willfully violated the FLSA by failing to pay Plaintiff overtime.

24.     Plaintiff has suffered emotionally and financially because of Defendants' actions by being unable to pay monthly bills and being forced to deal with the stress of not being paid regularly.

## CLAIMS FOR RELIEF

### COUNT I
### *Violation of the Fair Labor Standards Act*
### *Overtime Compensation Requirements*

25.     The preceding paragraphs are re-alleged herein.

26.     Defendants had actual or constructive knowledge of the overtime hours Plaintiff worked.

27.     Defendants failed to compensate Plaintiff for approximately 546.25 overtime hours that Defendants regularly and willfully required or "suffered or permitted" Plaintiff to work.

28.     Defendants willfully violated the FLSA by failing to pay Plaintiff one and one-half times his regular rate of pay for each workweek in which Plaintiff worked more than 40 hours.

29.     For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.

30.     Under the FLSA, Plaintiff is entitled to unpaid overtime compensation of one and one-half times his regular rate of pay for every hour over forty (40) that he worked per week for

approximately 546.25 hours and an additional equal amount of unpaid overtime wages as liquidated damages, and attorneys' fees, expenses and costs.

31.     Plaintiff is due an amount of Three Thousand Eight Hundred Twenty-Three Dollars and Seventy-Five Cents ($3,823.75) for unpaid overtime wages in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

32.     Plaintiff is due an additional Three Thousand Eight Hundred Twenty-Three Dollars and Seventy-Five Cents ($3,823.75) in liquidated damages under FLSA.

33.     Plaintiff is due attorneys' fees, costs and expenses in bringing this litigation.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally in the amount of Seven Thousand Six Hundred Forty-Seven Dollars and Fifty Cents ($7,647.50) and Plaintiff unpaid wages, attorneys' fees, costs, and interest, and such other relief this Court deems just and proper, all amounts to be determined at trial.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
CELIO GUEVARA HERNANDEZ
By counsel

FIRSTPOINT LAW GROUP, P.C.

Katherine Martell, Esq.VSB 77027
10615 Judicial Drive, Suite 101
Fairfax, VA 22030
Phone  (703) 385-6868
Fax     (703) 385-7009
kmartell@firstpointlaw.com
*Counsel for Plaintiff*

## CONSENT FOR SUIT UNDER THE FAIR LABOR STANDARDS ACT

I, Celio Guevara Hernandez, authorize FirstPoint Law Group, P.C. to sue Hadeed Carpet

Cleaning, Inc. and Joseph Hadeed, under the Fair Labor Standards Act to recover overtime

compensation, including interests, costs and attorneys' fees. I ask that attorneys' fees and costs

be awarded to FirstPoint Law Group, P.C. I authorize my counsel to compromise and settle any

claim or take other appropriate actions in this lawsuit.


_____           08/26/2016
Celio Guevara Hernandez                      Date
250 Byrd Lane
Alexnadria, VA 22303